# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

                    Plaintiff,

v.

CAPTAIN SCHMIDT, PCS SCOTT, PCS LORI, NURSE KATHY, and JOHN DOES 1–8,

                    Defendants.

Case No. 16-CV-1225-JPS

**ORDER**

On December 1, 2016, the Court screened Plaintiff's complaint. (Docket #7). The Court permitted Plaintiff to proceed against the following Defendants: Captain Schmidt, PCS Scott, PCS Lori, Nurse Kathy, and John Does 1–8. *Id.* at 10. Plaintiff's allegations failed to state claims for relief as to the other named defendants. *See id.* at 6–10.[1] On December 20, 2016, the Wisconsin Department of Justice ("DOJ") accepted service on behalf of Defendants Captain Mark Schmidt and PCS Lori Taggart. (Docket #11). DOJ did not accept service on behalf of Defendants PCS Scott, Nurse Kathy Brester, or John Does 1–8. *Id.* DOJ states that it cannot identify which "PCS

---

[1] Those other defendants were not formally dismissed from the case in the Court's screening order. To ensure that the Court's docket is clear on the matter, the Court will formally dismiss those defendants in this order. Additionally, the Court notes that although it failed to mention the Wisconsin Resource Center in its discussion of Plaintiff's claims, *see* (Docket #7 at 6–10), no claims may proceed against it because the institution itself is not a suable entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Maier v. Wood Cnty. Courthouse*, No. 07-C-580-C, 2007 WL 3165825, at *2 (W.D. Wis. Oct. 24, 2007).

Scott" Plaintiff refers to, since two such persons work at the Wisconsin Resource Center ("WRC"). *Id.* Further, DOJ has not accepted service on behalf of Nurse Kathy Brester because she is no longer employed at WRC and attempts to contact her at her last known address have failed. *Id.* Finally, because the John Doe Defendants have not been identified, no service may be made on them.

As a result, the Court will direct the United States Marshals Service to serve Nurse Kathy Brester. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). The Court reminds Plaintiff that he must use discovery to identify PCS Scott and the John Doe Defendants in order to effect service on them.

Accordingly,

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint and the Screening Order (Docket #7) upon Defendant Nurse Kathy Brester pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that the Defendant Nurse Kathy Brester shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Wisconsin Resource Center, Keith Fry, Rhonda Hitz, Jeff Heise, Captain

Bunk, and Jane Doe 1 be and the same are hereby **DISMISSED** with prejudice; and

      **IT IS FURTHER ORDERED** that Defendants Wisconsin Resource Center, Keith Fry, Rhonda Hitz, Jeff Heise, Captain Bunk, and Jane Doe 1 be and the same are hereby **DISMISSED** from this action.

      Dated at Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge