# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

                       Plaintiff,

v.

MARK SCHMIDT, PCS SCOTT, LORI TAGGART, KATHY BREWSTER, and JOHN DOES 1–8,

                       Defendants.

Case No. 16-CV-1225-JPS

**ORDER**

Plaintiff, a prisoner at Columbia Correctional Institution ("Columbia"), brings this action *pro se* pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's request for a preliminary injunction. (Docket #9). On December 1, 2016, Plaintiff wrote the Court a letter inquiring about the issuance of an amended scheduling order. *Id.* He also included a request for a preliminary injunction against Columbia officials, who he believes are stealing his mail in order to interfere with this and other litigation. *Id.* The request comprises one sentence and cites no evidence or other sworn statement to support it. *See id.* In addition to a request for an injunction, Plaintiff requests transfer to another prison "where [he] can litigate [his] case in peace." *Id.*

Plaintiff's request must be denied. To obtain a preliminary injunction, Plaintiff must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016). A preliminary injunction is "an extraordinary remedy and is never awarded as of right."

*Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016). To meet this burden, Plaintiff must make a "clear showing that [he] is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Plaintiff's request falls well short of making the substantial evidentiary showing necessary to obtain preliminary injunctive relief. Plaintiff has not provided any evidence that his mail has been stolen, nor has he pointed the finger at any specific prison officials. He simply speculates that Columbia staff as a whole are engaged in systemic misconduct. Without more, the Court is not inclined to insert itself into matters of prison administration, to which it normally accords substantial deference. *See* 18 U.S.C. § 3626(a)(2); *see also Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage."). Moreover, Plaintiff's requested injunction is overbroad. The Prison Litigation Reform Act instructs that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id.* An injunction against the entirety of the staff at Columbia does not meet this standard. As a result, the Court must deny Plaintiff's request for a preliminary injunction.

Additionally, the Court will not order Plaintiff's transfer to another institution. The matter of transfer between correctional institutions is generally not within the Court's purview. Instead, this is an administrative matter for the Department of Corrections to consider. *See Capoeira v. Pollard*, Case No. 16-CV-224, 2016 WL 1452398, at *4 (E.D. Wis. Apr. 13, 2016); *Lindsey v. Brown*, No. 2:13–cv–00068–JMS–WGH, 2013 WL 5148347, at *1 (S.D. Ind. Sept. 11, 2013). Additionally, Plaintiff's unverified allegations of litigation interference do not clearly demonstrate that he is in imminent

danger of irreparable harm, thereby meriting such preliminary injunctive relief. *See Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999); *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006); *Douglas v. Lemmon,* No. 2:16-cv-00368-JMS-DKL, 2016 WL 7034965, at *2 (S.D. Ind. Dec. 2, 2016) (denying motion for transfer to another prison based on alleged retaliation for bringing lawsuit). This request will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a preliminary injunction (Docket #9) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge