# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

                          Plaintiff,

v.

MARK SCHMIDT, PCS SCOTT, LORI
TAGGART, KATHY BRESTER, and
JOHN DOES 1-8,

                          Defendants.

Case No. 16-CV-1225-JPS

**ORDER**

Plaintiff Jeff Poff ("Poff"), a prisoner, brings this action pursuant to 42 U.S.C. § 1983 against Defendants, prison officials at the Wisconsin Resource Center ("WRC"), alleging that they acted with deliberate indifference to his medical needs, failed to protect him from his own suicide attempts, and used excessive force against him. Defendants filed a motion for summary judgment on May 1, 2017, arguing that Poff failed to exhaust his administrative remedies as to the claims he raises here. (Docket #22). Poff did not respond by the deadline, which was June 5, 2017. *See* Civ. L. R. 56(b)(2) (requiring a response to a motion for summary judgment to be filed within thirty days); Fed. R. Civ. P. 6(d) (adding three days to deadlines when service was made by mail). Because the motion is unopposed, *see* Civ. L. R. 7(d), and for the reasons stated below, Defendants' motion will be granted and this action will be dismissed without prejudice.

## 1. STANDARD OF REVIEW

### 1.1 Summary Judgment

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that [his] case is convincing, [he] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

### 1.2   Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001); *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). Failure to exhaust administrative

remedies is an affirmative defense to be proven by Defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

The Wisconsin Department of Corrections maintains an Inmate Complaint Review System ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code DOC § 310.04. There are two steps an inmate must take to exhaust their administrative remedies under the ICRS. First, the inmate must file a complaint with the Institution Complaint Examiner ("ICE") within fourteen days of the events giving rise to the complaint. *Id.* §§ 310.07(1), 310.09(6). The ICE may reject a complaint or, before accepting it, can direct the inmate to "attempt to resolve the issue." *See id.* §§ 310.08, 310.09(4), 310.11(5). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority. *Id.* § 310.11(6).[1] If the complaint is not rejected, the ICE issues a recommendation for disposing of the complaint, either dismissal or affirmance, to the reviewing authority. *Id.* §§ 310.07(2), 310.11. The reviewing authority may accept or reject the ICE's recommendation. *Id.* § 310.07(3).

Second, if the ICE recommends dismissal and the reviewing authority accepts it, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE"). *Id.* §§ 310.07(6), 310.13. The CCE issues a recommendation to the Secretary of the Department of Corrections who may accept or reject it. *Id.* §§ 310.07(7), 310.13, 310.14. Upon receiving the Secretary's decision, or after forty-five days from the date the Secretary received the recommendation, the inmate's administrative remedies are exhausted. *Id.* §§ 310.07(7), 310.14.

---

[1]The ICRS defines a "reviewing authority" as "the warden, bureau director, administrator or designee who is authorized to review and decide an inmate complaint." Wis. Admin. Code DOC § 310.03(2).

## 2.    RELEVANT FACTS

### 2.1    Poff's Failure to Dispute the Material Facts

The relevant facts are undisputed because Poff did not dispute them. In the Court's scheduling order, entered March 7, 2017, Poff was warned about the requirements for opposing a motion for summary judgment. (Docket #19 at 3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. Next, on May 1, 2017, Defendants filed their motion for summary judgment. (Docket #22). In the motion, Defendants also warned Poff about the requirements for his response as set forth in Federal and Local Rules 56. *Id.* at 1–2. He was provided with additional copies of those Rules along with Defendants' motion. *See id.* at 3–14.

Despite being twice warned of the strictures of summary judgment procedure, Poff ignored those rules by failing to dispute Defendants' proffered facts in any fashion. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); (Docket #24) (Defendants' statement of material facts). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing."). Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

### 2.2    Poff's Claims and Inmate Complaints

Poff's complaint focuses on the actions of WRC officials, though he is currently housed at Columbia Correctional Institution. The basic narrative of his case, as he alleges it, can be briefly stated. On April 17, 2012, Defendant Lori Taggart ("Taggart") made a "trouble call" about Poff. Thereafter, 8–10 staff members responded by tackling Poff to the ground and allegedly assaulting him. Poff was then taken to an observation cell by Taggart, Defendant PCS Scott, and several John Does. During the escort, Poff asked for medical attention for a cut on his left hand, which request was ignored. Shortly after being placed in observation, a prison nurse, Defendant Kathy Brester ("Brester"), refused to tend to his claimed injuries. Poff then told Taggart that he was suicidal and had a history of attempting to hang himself. After hearing this, Taggart nevertheless allowed Poff to remain in his observation cell with his clothing and mattress. After midnight on April 18, 2012, Poff fashioned a noose from his shirt and attempted to hang himself from the cell's light fixture. Staff found him, cut him down, and lowered him to the ground. Poff was checked by a nurse. Poff then told Defendant Mark Schmidt ("Schmidt") that he continued to feel suicidal, so Schmidt ordered that he be placed in restraints, which Poff claims caused him additional injuries.

From these facts Poff raises the following claims: (1) an Eighth Amendment claim force of excessive force against the Doe Defendants who assaulted him; (2) a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Taggart, PCS Scott, the Doe Defendants who ignored his requests for medical attention to his hand after the assault; (3) a claim of deliberate indifference to his serious medical needs against Brester for refusing to treat him while he was being

housed in observation; (4) a claim under the Eighth Amendment against Taggart for failing to protect him from his own suicide risk by leaving him in observation with objects he could use to hang himself; and (5) a claim of excessive force against Schmidt for employing overly tight restraints on Poff.

Poff submitted only one ICRS complaint relating to these claims. In complaint WCI-2012-8523, Poff asserted that "On 4/18/12 I was jumped by the police at WRC and I was injured suffering a small cut on my left wrist, neck and bruises on my face." (Docket #25-2 at 12). After receiving this complaint, the ICE at WRC reviewed the shift supervisor's report for April 18 and found there was no documentation or evidence to support Poff's claim that he was injured as a result of a use of force. The ICE recommended dismissal of the complaint, and on May 25, 2012, the reviewing authority dismissed the complaint.

Poff appealed complaint WCI-2012-8523 to the CCE, whose office received the appeal on June 1, 2012. In the appeal for this complaint, Poff stated:

> On 4/17/12 a "trouble call" was issued for unit #11 at WRC while I attended recreation simply becuz I refused to lock in before using the telephone, I was then thrown against the wall and slamed on the floor by at least a dozen PCT's, PC's and CO's that ended up resulting in a small cut on my left arm, bruise shoulders, chest and neck area, No nurse was ever called to check my injuries even doe nurse "Kathy" was on the pod delivering meds. I then attempts to commit suicide by literally hanging myself until I was cut down by officers and had to be brought back to life, I was then strapped down for over 8-hrs leaving sore's on both of my wrist and both ankles now Permanent scar's.

*Id.* at 14–15. The CCE reviewed Poff's appeal and determined that he did not present sufficient evidence to warrant a recommendation overturning the institution's decision. On June 8, 2012, the Office of the Secretary dismissed the appeal.

Poff did not submit any other complaints related to the claims in this lawsuit, although he submitted one other complaint in April 2012 concerning his security classification. Whatever allegations it contained are immaterial, since Poff never appealed it to the CCE and thus did not exhaust any claims made in it.

**3.     ANALYSIS**

The undisputed facts demonstrate that Poff has not exhausted his administrative remedies with respect to most of his claims in this case. Poff submitted one complaint about assault by the John Does. He tried to raise additional issues on appeal, including his suicide attempt on April 18 and Schmidt's restraints, but Poff is not permitted under the ICRS to raise new issues on appeal of the dismissal of a grievance. (Docket #25 ¶ 9).

Instead, the first required step in utilizing the ICRS is to file a complaint with the ICE. *See* Wis. Admin. Code DOC § 310.07(1). The issues raised in a complaint may then be heard by the CCE on appeal, if an appeal is filed. *Id.* § 310.07(4). The only exception permitting a complaint to be filed directly with the CCE is when those working in the ICRS process breach certain duties of confidentiality. *Id.* § 310.16(4); *see also* (Docket #25 ¶¶ 5–10).

Under Wisconsin's inmate grievance rules, Poff's appeal was not a proper place to raise new claims. Poff's lone grievance relevant to this case, and the subsequent appeal, did not accomplish exhaustion of any claim save his excessive force claim against the John Does. *Pozo*, 286 F.3d at 1025

("Prisoner[s] must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Because Poff has not complied with the ICRS rules, all of his other claims must be dismissed for failure to exhaust administrative remedies.[2]

Additionally, although Poff apparently exhausted his excessive force claim against the John Does, that claim must nevertheless be dismissed because Poff has not identified these Defendants as the Court ordered him to do. In its scheduling order, entered March 7, 2017, the Court directed Poff to use the discovery procedures available to him to learn from the existing Defendants the identities of the Does so that service could be made on them.

---

[2]Reviewing his appeal, the CCE noted both Poff's existing and new allegations. (Docket #25-2 at 5). The CCE concluded that "the inmate presented insufficient evidence to warrant a recommendation overturning that decision." *Id.* The CCE did not expressly state whether he considered the new allegations or ignored them as improperly presented for the first time on appeal.

Normally, if prison officials decline to enforce a procedural prohibition against a prisoner during the ICRS process, the Court will not do so during a later federal lawsuit. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Nevertheless, it is not clear from the CCE's recommendation whether he overlooked Poff's procedural misstep or simply decided that, given the unmeritorious claim about the John Does' assault, coupled with improperly presented new claims, there was no basis for reversal of the ICE's decision below. The Court appreciates its obligation to construe the facts in Poff's favor on summary judgment, but it cannot craft arguments from thin air, even for a *pro se* litigant. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (if the prisoner fails to provide evidence or argument, "we cannot fill the void by crafting arguments and performing the necessary legal research"). Nor is it inclined to do so in light of Poff's decision not to oppose Defendants' motion in any form.

Moreover, it is important to note that the exhaustion requirement exists to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation. *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002); *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Raising issues for the first time on appeal to the CCE—an office outside the institution—disserves this purpose. For these reasons, the Court concludes that the facts do not support a reasonable inference that the CCE forgave Poff's procedural error with respect to his newly asserted claims on appeal.

(Docket #19 at 2). The Court gave him ninety days to identify them or they would be dismissed. *Id.*

Poff did not make the required identification by that deadline, nor did he ask for the Court's assistance in this process. Unlike the plaintiff in *Donald*, who made efforts to amend his complaint and communicate with the Court about identifying the proper defendants, here Plaintiff has totally ignored the Court's order. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Without cooperation of any kind from Plaintiff, the Court is not inclined to undertake any of the other methods suggested in *Donald* for helping him identify the proper parties. *See id.* Further, the Court warned Plaintiff that failure to identify them within the prescribed period would result in dismissal of these defendants. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). Plaintiff has not heeded the Court's warning and, as a result, the Court will dismiss the John Doe Defendants without prejudice for his failure to prosecute the same. *See* Civ. L. R. 41(c).

4. **CONCLUSION**

Poff has not challenged Defendants' request for judgment or, more importantly, the facts Defendants proffered. Viewing those undisputed facts in the light most favorable to him, the Court is obliged to conclude that most of Poff's claims are unexhausted and must be dismissed. As to the claim arising from assault by the John Does, Plaintiff has refused to engage in the necessary discovery to learn their identities within the generous timeframe set out by the Court over three months ago. Thus, those

Defendants must also be dismissed. This action will, therefore, be dismissed in its entirety without prejudice.[3]

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #22) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants John Does be and the same are hereby **DISMISSED** for Plaintiff's failure to prosecute as to them; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

[3]Although it appears unlikely that Poff will be able to complete the ICRS process for his unexhausted claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).